# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|                              |   |                      |
|------------------------------|---|----------------------|
| **UNITED STATES OF AMERICA,** | ) |                      |
|                              | ) |                      |
| **Plaintiff,**               | ) |                      |
|                              | ) |                      |
| v.                           | ) | Case No. 09-20053    |
|                              | ) |                      |
| **ALCIDES ROMERO-CORRALES,** | ) |                      |
|                              | ) |                      |
| **Defendant.**               | ) |                      |
|                              | ) |                      |

## MEMORANDUM AND ORDER

Defendant Romero-Corrales was convicted for illegally re-entering the United States after having been deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2), and sentenced to a 24-month jail sentence (doc. 35). He is currently serving his sentence at Northeast Ohio Correctional Center in Youngstown, Ohio. Mr. Romero-Corrales has filed a motion to be given prior jail credit (doc. 36) for time served from his arrest on March 1, 2009 to his sentencing on February 18, 2010. For the reasons set forth below, Mr. Romero-Corrales's motion is denied.

Before seeking judicial review, a defendant must first exhaust his administrative remedies with the attorney general, who has initial discretion to credit a prison term with time spent in custody prior to commencement of a sentence. *See United States v. Woods*, 888 F.2d 653, 654 (10th Cir. 1989); *Williams v. O'Brien*, 792

F.2d 986, 987 (10th Cir. 1986) (stating that by statute, "responsibility for the computation of the service of a sentence is an administrative responsibility conferred upon the attorney general acting through the Bureau of Prisons.").

There is an administrative procedure by which an inmate can apply for and obtain review of his presentence jail time credits. 28 C.F.R. § 542.10. The inmate must first attempt to resolve his complaint informally with his prison counselor. 28 C.F.R. § 542.13. If unable to reach an informal resolution, the inmate may then direct his complaint to the warden of his institution through a written administrative remedy request. 28 C.F.R. §§ 542.13-.14. After the warden's response, if still unsatisfied, the prisoner may submit an appeal to the regional director at the regional office. 28 C.F.R. § 542.15(a). Finally, the inmate may appeal to the office of general counsel in Washington, D.C., the central office. 28 C.F.R. § 542.15. Each stage of the process has its own time limits and procedural instructions, and inmates are required to adhere to them. *McGee v. Federal Bureau of Prisons*, 2004 WL 2931365 at *3 (10th Cir. Dec. 20, 2004). Mr. Romero-Corrales has not indicated that he has satisfied these conditions. Therefore, his motion is denied.

Even if Mr. Romero-Corrales had properly exhausted his administrative remedies, he would not be entitled to relief from this court. The proper avenue to challenge the computation of sentencing is through a habeas petition pursuant to 28 U.S.C. § 2241, which must be brought in the district where the prisoner is confined. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Scott*, 803

F.2d 1095, 1096 (10th Cir. 1986). This court does not have authority to review the calculation of Mr. Romero-Corrales's presentence jail credit, as he is incarcerated in Ohio, not in Kansas.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for prior jail credit (doc. 36) is denied.

**IT IS SO ORDERED** this 22nd day of September, 2010.

        s/ John W. Lungstrum
        John W. Lungstrum
        United States District Judge